# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM ASH, | |
|     Plaintiff, | NO. 3:18-CV-0325 |
|     v. | (JUDGE CAPUTO) |
| WARDEN ROBERT KARNES, *et al.*, | |
|     Defendants. | |

## MEMORANDUM

Presently before me is the Motion to Dismiss (Doc. 14) filed by Defendants Robert Karnes, Tony Hawk, Corrections Officer Fierro, and Corrections Officer Smith (collectively, "Lebanon County Defendants"). Specifically, Lebanon County Defendants seek: (1) dismissal of the claims against Karnes and Hawk for lack of personal involvement; (2) dismissal of the negligence claim pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 *et seq.*; and (3) dismissal of the request for punitive damages against them in their official capacities. For the reasons that follow, the motion to dismiss will be granted.

## I. Background

The facts as alleged in the Complaint are as follows:

On March 30, 2016, Plaintiff William Ash was an inmate at the Lebanon County Prison. (*See* Doc. 1, ¶ 7-8). After Ash was called to medical to receive his medication, he went to the door where Officer Slather was working. (*See id.* at ¶ 9). Slather became angry with Ash and told him to get out and wait until he was called to medical. (*See id.* at ¶ 9-10). Ash responded that Slather should not speak to him like that. (*See id.* at ¶ 10). Slather became irritated and told Ash that he was going to the Restricted Housing Unit ("RHU"). (*See id.*).

Officers Smith and Fierro came to escort Ash to the RHU. (*See id.* at ¶ 12). On the way, Smith told Ash to stop walking, and when he asked why, Ash was thrown

against the gym window. (*See id*. at ¶ 13). Fierro then grabbed Ash to handcuff him, and as he did, Ash's left arm was pushed too high and he felt a pop. (*See id*. at ¶ 14).

Ash was taken to medical, and he was then sent to a hospital for an x-ray. (*See id*. at ¶¶ 15-16). There Ash was told by the emergency room doctor that his arm was broken and there was a chip out of his elbow. (*See id*. at ¶ 17). Ash was placed in a temporary cast and instructed to see an orthopedic surgeon. (*See id*. at ¶ 18). Ash saw an orthopedic surgeon two days later, and he confirmed that Ash's arm was broken. (*See id*. at ¶¶ 19-20). Ash's arm was placed in a cast. (*See id*. at ¶ 20).

Ash returned to have his cast removed by the orthopedic surgeon a few weeks later, and Ash was instructed that he had to do therapy for his arm. (*See id*. at ¶ 26). For the remainder of his time at the Lebanon County Prison, Ash went through intense therapy. (*See id*. at ¶ 28). On June 2, 2016, Ash was transferred back to the State Correctional Institution in Dallas, Pennsylvania. (*See id*. at ¶ 29).

Based on the foregoing, Ash commenced this action *pro se* on February 8, 2018. In the Complaint, Ash alleged that Lebanon County Defendants, as well as Officer Slather, violated his rights under the Eighth Amendment to the United States Constitution. (*See id*. at ¶ 31). Ash also brings claims against all Defendants for negligence, assault, and battery. (*See id*. at ¶ 27). As relief, Ash requests, *inter alia*, a declaration that his rights were violated, compensatory damages against each Defendant in their official and individual capacities, and punitive damages against each Defendant in their official and individual capacities. (*See id*. at ¶¶ 34-36).

On March 28, 2018, Lebanon County Defendants filed the instant motion seeking dismissal of the claims against Karnes and Hawk, dismissal of the negligence claim, and dismissal of the request for punitive damages against them in their official capacities. (*See* Doc. 14, *generally*). Ash did not file a brief in opposition to that

motion.[1] The motion to dismiss is thus ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the

---

[1] Although Ash did not file a brief in opposition to the instant motion as required by Pa. M.D. L.R. 7.6, I must still consider the merits of Lebanon County Defendants' motion to dismiss. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) ("the fact is that if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with the local court rule."). This is because Ash was not ordered to file a brief in opposition to the motion and advised that the failure to do so could result in the motion being deemed unopposed and granted without a merits analysis. *See id*. ("In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.").

3

veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

## III. Discussion

Lebanon County Defendants move to dismiss three aspects of the Complaint: (1) the claims against Karnes and Hawk; (2) the negligence claim; and (3) the request for punitive damages against them in their official capacities. I will address the arguments in that order.

**A. Claims Against Karnes and Hawk.**

Lebanon County Defendants first seek dismissal of all claims against Karnes and Hawk. Specifically, Lebanon County Defendants contend that the Complaint fails to state that Karnes or Hawk were personally involved in the alleged violation of Ash's rights. Additionally, Lebanon County Defendants note that personal involvement is not established by showing a prison official engaged in an after-the-fact review of a grievance or failed to respond to an inmate's written complaints.

Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). The personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. ICE*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at

4

354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. Moreover, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000). Allegations that a supervisor "had constructive knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor" do not suffice. *Broadwater v. Fow*, 945 F. Supp. 2d 574, 588 (M.D. Pa. 2013) (citing *C.H. ex rel. Z.H.*, 226 F.3d at 202)).

The claims against Karnes and Hawk will be dismissed. Here, the only allegation regarding Karnes and/or Hawk's involvement in the events forming the basis of Ash's claims is that they "were aware of the[ ] violations and failed to respond [or] do anything about what happened to the Plaintiff." (Doc. 1, ¶ 32). But, "[a] state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prisoner's complaint or official grievance, does not establish the prison official's contemporary involvement in the alleged underlying unconstitutional conduct." *Hernandez-Tirado v. Lowe*, No. 14-1897, 2017 WL 3433690, at *7 (M.D. Pa. Aug. 10, 2017) (citing *Ramey v. Mellow*, 675 F. App'x 109, 111 (3d Cir. 2017) (failure to respond to grievance insufficient basis to state a claim); *Simonton v. Tennis*, 437 F. App'x 60, 64 (3d Cir. 2011) (supervisor's "secondary review of an inmate's grievance or appeal" does not demonstrate personal involvement); *Rode*, 845 F.2d at 1207-08 (after-the-fact review of a grievance is insufficient to demonstrate actual knowledge necessary to establish personal involvement); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (allegations of inappropriate response to later filed grievance concerning alleged unconstitutional events fails to allege personal involvement)). Thus, Karnes and Hawk are not sufficiently alleged to have participated in the purported denial of Ash's constitutional rights. And, finding that leave to amend the claims against Karnes and Hawk would

be futile, it is proper for the claims against them to be dismissed with prejudice. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (Third Circuit "precedent supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").

**B.     Negligence Claim.**

Lebanon County Defendants next seek dismissal of Ash's negligence claim on the basis that such a claim is barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 *et seq.* ("PSTCA"). The PSTCA "provides absolute immunity to local agencies except for eight statutorily defined exceptions." *Spiker v. Allegheny Cnty. Bd. of Probation & Parole*, 920 F. Supp. 2d 580, 612 (W.D. Pa. 2013). "Local agency" is defined as "[a] government unit other than the Commonwealth government." 42 Pa. C.S.A. § 8501. Section 8542(a) states:

> (a) Liability imposed.--A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>
> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa. C.S.A. § 8542(a). Under § 8542(b), "[t]he following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:" (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7)

6

sidewalks; and, (8) care, custody or control of animals. 42 Pa. C.S.A. § 8542(b). The PSTCA further provides that "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter." 42 Pa. C.S.A. § 8545; *see also Sanford v. Siles*, 456 F.3d 298, 315 (3d Cir. 2006) ("Municipal employees . . . are generally immune from liability to the same extent as their employing agency, so long as the act committed was within the scope of the employee's employment"); *accord Vargas v. City of Philadelphia*, 783 F.3d 962, 975 (3d Cir. 2015) ("The PSTCA provides immunity to municipalities and its employees for official actions unless the employee's conduct goes beyond negligence and constitutes a crime, actual fraud, actual malice, or willful misconduct.").

The negligence claim against Lebanon County Defendants will be dismissed. "[I]n order to maintain a negligence claim against an employee of a local agency covered by the PSTCA, a plaintiff must demonstrate that an enumerated exception to the Act's broad grant of immunity applies." *Eberhardinger v. City of York*, No. 16-2481, 2017 WL 4167642, at *5 (M.D. Pa. Sept. 20, 2017); *Doe v. Old Forge Borough*, No. 12-2236, 2015 WL 4041435, at *8 (M.D. Pa. July 1, 2015) (dismissing negligence-based claims because "the PSTCA permits recovery against a local agency or its employee only for negligent acts that fall within the enumerated exceptions . . . and a claim for negligence is clearly distinct from that for an intentional tort"). None of those exceptions apply here. As such, the negligence claim will be dismissed with prejudice.

**C. Official Capacity Punitive Damage Request.**

Lastly, Lebanon County Defendants argue that the request for punitive damages against them in their official capacities should be dismissed because such damages are not recoverable as a matter of law against municipal employees in their official capacities. They are correct. *See Gregory v. Chehi*, 843 F.2d 111, 119-20 (3d Cir.

7

1988) ("Punitive damages cannot be recovered from defendants in their official capacities."). The request for punitive damages against Lebanon County Defendants in their official capacities will therefore be dismissed with prejudice.

## IV. Conclusion

For the above stated reasons, the motion to dismiss will be granted.

An appropriate order follows.

January 17, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge